UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | |
| Albert Conde | ) | Case No. 05-57938-SQU |
| | ) | |
| Debtor(s). | ) | Hon. JOHN H. SQUIRES |

**Trustee's Final Report**

To: The Honorable JOHN H. SQUIRES
United States Bankruptcy Judge

NOW COMES GINA B. KROL, Trustee herein, and respectfully submits to the Court and to the United States Trustee her Final Report in accordance with 11 U.S.C. §704(9).

1. The Petition commencing this case was filed on October 15, 2005. GINA B. KROL was appointed Trustee on the October 15, 2005. The Trustee's bond in this case is included as part of the Trustee's blanket bond coverage.

2. The Trustee certifies that she has concluded the administration of this estate and has performed the duties enumerated in Section 704 of the Bankruptcy Code. The nonexempt assets of the estate have either been converted to cash, disposed of under orders of this Court, or are sought to be abandoned by the Trustee; there is no other property belonging to the estate; there are no matters pending or undetermined; claims have been reviewed; and all claim objections have been resolved to the best of the Trustee's knowledge. The Trustee has not found it advisable to oppose the Debtor(s) discharge. The trustee certifies that this estate is ready to be closed. The tasks performed by the Trustee are set forth on Exhibit A.

3. The disposition of estate property is set forth in Exhibit B. The scheduled value of property abandoned is $0.00. The property abandoned, or sought to be abandoned, along with the reasons for such abandonment, is described in Exhibit B.

4. A summary of the trustee's final account as of March 27, 2008 is as follows:

    a.    RECEIPTS (See Exhibit C)    $147,659.67
    b.    DISBURSEMENTS (See Exhibit C)    $104,335.49
    c.    NET CASH available for distribution    $43,324.18
    d.    TRUSTEE/PROFESSIONAL COSTS:
        1.    Trustee compensation requested    $8,550.60
            (See Exhibit E)
        2.    Trustee Expenses (See Exhibit E)    $0.00
        3.    Compensation requested by
            attorney or other professionals

|   |   | for trustee (See Exhibit F) |   |
|---|---|---|---:|
|   | (a.) | Cohen & Krol<br>*Attorney for Trustee Fees*<br>*(Trustee Firm)* | $6,606.26 |
|   | (b.) | Cohen & Krol<br>*Attorney for Trustee*<br>*Expenses (Trustee Firm)* | $77.85 |

5. The Bar Date for filing unsecured claims expired on July 5, 2006.

6. All claims filed in this case with the Clerk of the Bankruptcy Court have been reviewed by the Trustee (Exhibit D). The actual dollar amount of claims allowed and/or requested for this estate is as follows:

| a. | Allowed unpaid secured claims | $0.00 |
|---|---|---:|
| b. | Chapter 7 administrative claims and 28 U.S.C. §1930 claims | $15,234.71 |
| c. | Allowed Chapter 11 administrative claims | $0.00 |
| d. | Allowed priority claims | $0.00 |
| e. | Allowed unsecured claims | $9,141.85 |
| f. | Interest | $1,026.55 |
| g. | Surplus to Debtors | $17,921.07 |

7. Trustee proposes that unsecured creditors receive a distribution of 100% of allowed claims plus 4.1400% interest.

8. The compensation previously awarded to Trustee's counsel, accountants or other professionals, and the compensation requested but not yet allowed is as follows:

| Applicant | Compensation Previously Paid | Fees Now Requested | Expenses |
|---|---:|---:|---:|
| GINA B. KROL<br>*Trustee Compensation* | $0.00 | $8,555.60 | $0.00 |
| COHEN & KROL<br>*Attorney for Trustee* | $0.00 | $6,606.26 | $77.86 |

9. A fee of $1,000.00 was paid to Debtor's Counsel for services rendered in connection with this case, and no basis appears to request an examination of those fees pursuant to 11 U.S.C. §329.

**WHEREFORE,** the Trustee certifies under penalty of perjury that the above statements are true and correct and requests the Court to provide for notice and a hearing pursuant to 11 U.S.C. §§330(a), 502(b) and 503(b). The Trustee further requests that the Court award final compensation and reimbursement of expenses and make final allowance of the administrative claims and expenses stated in this Report, and for such other relief as the Court shall deem proper.

                    Respectfully Submitted

DATE: March 27, 2008            /s/ Gina B. Krol
                                          Signature

                    GINA B. KROL, Trustee
                    105 WEST MADISON STREET
                    SUITE 1100
                    CHICAGO, IL  60602-0000

## TASKS PERFORMED BY TRUSTEE

Asset Identification and Administration:    Trustee reviewed Debtor's schedules and conferred with Debtor's counsel regarding potential equity in homestead real estate.  Trustee reviewed comparable listings in the area and drove the property in an attempt to familiarize herself with the market value.  Trustee discussed the marketability of the property with Paul Trinko.  Mr. Trinko is a real estate broker with the firm of Coldwell Banker.  The Trustee and Mr. Trinko met on at least two occasions at the property to determine the best listing price and marketing efforts.  The property was not in good condition and special steps were taken to prepare the property for sale.  Trustee reviewed and negotiated the listing agreement.  When Trustee received an offer, she reviewed the real estate contract to determine feasibility of same. Trustee consulted with her attorneys. Trustee had numerous conversations with Debtor and his attorney outlining the sale procedures and ultimate distribution of sales proceeds.  Debtor was without funds to move and Trustee had to renegotiate possession with attorney for buyer. Trustee conferred with counsel for buyers and Title Company to advise of the pending Chapter 7 proceeding and outlining the procedure for closing the transaction pursuant to Court order. Trustee reviewed and executed all closing documents and attended the closing.  Trustee expended approximately 20.75 hours in the activity of Asset Identification and Administration.

Banking and Bonding:   Trustee opened and maintained the Estate's interest bearing, made deposits into and disbursements out of that account.  Reconciled the account monthly and maintained the Estate's blanket bond.  Trustee expended approximately 3.25 hours in the activity of Banking and Bonding.

Claims Review:     Trustee undertook to review each claim filed in this case both during the pendin Chapter 13 as well as those filed after the conversion to Chapter 7.  Trustee identified several duplicate claims as well as improper secured claims.  Trustee contacted many of the claimants in an effort to obtain written agreements to withdraw duplicate or improper secured claims.  When compromise could not be reached, Trustee instructed her attorneys to prepare claims objections. Trustee expended approximately 8.50 hours in the activity of Claims Review.

Coordination and Compliance with Reporting Requirements:  Trustee prepared the required periodic reports for the Office of the United States Trustee.  Trustee prepared the Trustee's Final Report and Account, Distribution Report, Claims Report, and Notices to Creditors.  Trustee communicated with Debtor's attorney to ensure the necessary Report after Conversion had been filed, reviewed same and made sure that appropriate notices had been sent to additional

**EXHIBIT A**

creditors herein. Trustee expended approximately 9.50 hours in the activity of Coordination and Compliance with Reporting Requirements.

<u>Creditor Communication</u>:     Trustee communicated case status and potential distribution to various creditors involved in these proceedings.  Trustee expended approximately 3.75 hours in the activity of Creditor Communication.

<u>Meeting of Creditors</u>:  Trustee prepared for and attended the original and continued Chapter 7 meeting of creditors.  Trustee expended approximately 2 hours in the activity of Meeting of Creditors.

TRUSTEE HAS EXPENDED A TOTAL OF APPROXIMATELY 47.75 HOURS IN THE ADMINISTRATION OF THIS ESTATE.

**EXHIBIT A**

# EXHIBIT B

## DISPOSITION OF ESTATE PROPERTY

Scheduled Property & Disposition

|  | Amount Realized |
|---|---|
| See Form 1 - Attached | $ 147,000.00 |

Unscheduled Property

| Post-Petition Interest Deposits | 659.67 |
|---|---|
| TOTAL RECEIPTS | $147,659.67 |
| TOTAL SCHEDULED VALUE OF PROPERTY ABANDONED | 0.00 |
| TOTAL SCHEDULED VALUE OF EXEMPT PROPERTY | $122,528.00 |

**EXHIBIT B**

# EXHIBIT C

## RECEIPTS AND DISBURSEMENTS

DEPOSITORY:   BANK OF AMERICA, N.A.
Money Market Account (Interest Earn 4428334082

### I. RECEIPTS

| DATE | DESCRIPTION | AMOUNT |
|---|---|---|
| See Form 2 - Attached | | |
| | TOTAL | $ 147,659.67 |

### II. DISBURSEMENTS

| DATE/CHECK # | PAYEE/DESCRIPTION | AMOUNT |
|---|---|---|
| See Form 2 - Attached | | |
| | TOTAL | $ 104,335.49 |

**RECAPITULATION:**

| | |
|---|---|
| TOTAL RECEIPTS | $ 147,659.67 |
| DISBURSEMENTS | $ 104,335.49 |
| **NET CASH AVAILABLE as of March 27, 2008** | $ 43,324.18 |

**EXHIBIT C**